Crawford, J.
The question in this case is whether a mortgagor can, by signing a purchase-money mortgage containing a repossession clause to that- effect, legally consent that the mortgagee, or his successor in interest, upon default by the mortgagor may, with or without legal process, make use of such force as may be necessary, with or without breaking and entering, to enter upon any premises where a mortgaged chattel may be found and take possession thereof, or whether such clause is against public policy and void.
The dearth of direct authority on this question in Ohio suggests that such a right is seldom asserted. It appears that in other states the precise question has rarely arisen, and that there is some divergence of views.
The following was the case presented in the Common Pleas Court:
Hileman purchased a washer from the Maytag Eice Company and, to secure a portion of the purchase price, executed and delivered to the company a negotiable promissory note, payable in installments, and a chattel mortgage on the washer.
The mortgage contained these provisions:
“In the event of any default in the payment of any installment when due on said note * * * then mortgagee may at its option and without notice, elect to treat the entire balance remaining unpaid * * * immediately due and payable; whereupon mortgagor agrees to deliver the chattel(s) to the mortgagee and mortgagee may, upon the failure of the mortgagor so to do, with or without the aid of legal process, make use of such force as may be necessary to enter upon, with or without breaking into any premises where the chattel(s) may be found and take possession thereof and sell and dispose of the same according to law, together with mortgagor’s equity of redemption * #
The Maytag company negotiated and assigned the note and mortgage to the defendant, The Harter Bank & Trust Company.
Thereafter, as disclosed in the opening statement of plaintiff’s counsel, Hileman, the mortgagor, being in default, the bank called him by telephone, saying, “We will be out at nine o’clock tomorrow morning to get your washer.” Hileman replied, “I won’t be there. I can’t give it to you then. I will give it to you *97 when I am able to disconnect it and get the clothes out that is in the washer and take care of the moving. ’ ’
Next morning, in Hileman’s absence, the bank’s employees removed a screen and entered Hileman’s dwelling through a window and unlocked the door from the inside.
While they were there, Hileman returned home and with a gun in his hand ordered them to leave, which they did. Later the washer was returned to the bank.
These acts of the bank’s employees, if not consented to, would have constituted the offense of breaking and entering. Even with prior consent, they are such acts as are likely to produce violence and to provoke or incite others to break the peace. Hileman’s immediate armed reaction, although not condoned, was an entirely natural one.
The insertion in a mortgage of a clause whereby a mortgagor purportedly consents in advance to a breaking and entering is an attempt to confer upon a mortgagee an extraordinary privilege not enjoyed by an absolute owner and not needed for the reasonable protection of the mortgagee’s investment. The existence of the privilege is a threat to the peace and contrary to public policy. A contractual provision purporting to authorize a breaking is, therefore, void.
It is our opinion that the Court of Appeals arrived at the correct conclusion, and its judgment is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, O’Neill and Griffith, JJ., concur.
Crawford, J., of the Second Appellate District, sitting by designation in the place and stead of Herbert, J.